# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Letitia Jackson<br>41102 N. Woodbury Dr.<br>Belleville, MI 48111<br><br>     Plaintiff,<br><br>v.<br><br>Check Resolution Services, Inc.<br>1561 Kenmore Ave.<br>Kenmore, NY 14217<br><br>     Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around December 2008, Defendant telephoned Plaintiff's mother ("Mother").

8. During this communication, Defendant spoke to Mother in a harassing, oppressive, and abusive manner.

9. During this communication, Defendant accused Plaintiff of theft.

10. During this communication, Defendant disclosed to Mother that Plaintiff owed the debt.

11. During this communication, Defendant threatened to send a sheriff to Plaintiff's place of employment to serve Plaintiff with a summons if Plaintiff did not return Defendant's telephone call by 3:00pm on that day.

12. In or around December 2008, Defendant's employee ("Chad") telephoned Plaintiff and left a voice message.

13. During this communication, Chad falsely represented that Defendant would serve Plaintiff with a summons for fraudulent charges if Plaintiff did not return Defendant's call.

14. In or around December, 2008, Plaintiff telephoned Defendant in response to Chad's message and spoke to another of Defendant's employees ("Richard").

15. During this communication, Richard falsely represented that Plaintiff could be arrested on fraud charges.

16. During this communication, Plaintiff requested that Defendant provide Plaintiff with written verification of the debt and Richard responded that by the time Plaintiff received the documents, Defendant would have already summonsed Plaintiff to court.

17. In or around December, 2008, Chad telephoned Plaintiff.

18. During this communication, Chad falsely represented that he had been hired by Defendant to serve Plaintiff with a summons.

19. In or around December, 2008, Defendant's employee ("Sandy") telephoned Plaintiff at Plaintiff's place of employment.

20. During this communication, Sandy falsely represented that the sheriff would serve Plaintiff with a summons at Plaintiff's place of employment if Plaintiff did not satisfy the debt by the end of the day.

21. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d by engaging in conduct in connection with the collection of the debt the natural consequence of which is to harass, oppress, or abuse Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## **JURY DEMAND**

29. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.
Attorneys for Plaintiff

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 312-753-7576
    Fax: 312-822-1064
    Email: tjs@legalhelpers.com

    s/ with consent of Lori A. Leigh
    Lori A. Leigh
    17117 W. Nine Mile, Suite 1020
    Southfield, MI 48075
    Telephone: 866-339-1156
    Fax: 248-569-3874
    Email: lal@legalhelpers.com
    Bar # P65423 (Local Counsel)